

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXXRD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Furman B. Caudle
County Attorney
Franklin County
Mt. Vernon, Texas

Opinion No. O-2666
Re: Eligibility of a person to
vote for District and State
offices, who has moved from
one county to another within
the District less than six
months prior to the election.

Dear Sir:

On August 22, 1940 we received your letter requesting our opinion relating to the eligibility of a voter at the election on August 24th. This did not give us adequate time to prepare an opinion prior to the election, but inasmuch as the question may arise at the general election in November, we are nevertheless replying to your request.

The facts set forth in your letter are:

"  .  .  .

"Up to May 1st, 1940, 'A' lived in a county adjoining Franklin Co. On May 1, 1940, he moved to this County. He had paid his poll tax, and otherwise a qualified voter in the adjoining County, if he had remained there.

"On next Saturday, 24th, 'A' intends to present himself at the voting place of his precinct, and request the manager of the election to furnish him a ballot, so that he may vote for State and District offices."

Based upon these facts, you ask the following question:

"Is it the duty under the law of the election manager, and may such election judge furnish 'A' with a ballot, with all County

candidates and precinct candidates stricken
off, and permit 'A' to cast his ballot for
State and/or District candidates. . . ."

The question presented by you involves a con-
struction of Article 2967, Revised Civil Statutes, 1925, which
reads as follows:

"Art.2967, REMOVAL TO ANOTHER COUNTY OR PRECINCT
If a citizen after receiving his poll tax
receipt or certificate of exemption, removes to
another county or to another precinct in the same
county, he may vote at an election in the precinct
of his new residence in such other county or pre-
cinct by presenting his poll tax receipt or certi-
ficate of exemption or his affidavit of its loss
to the precinct judges of election, and state in
such affidavit where he paid such poll tax or re-
ceived such certificate of exemption, and by making
oath that he is the identical person described in
such poll tax receipt or certificate of exemption,
and that he then resides in the precinct where
he offers to vote and has resided for the last
six months in the district or county in which he
offers to vote and twelve months in the State.
But no such person shall be permitted to vote in
a city of ten thousand inhavitants or more, un-
less he has first presented to the tax collector
of his residence a tax receipt or certificate,
not less than four days prior to such election
or primary election or made affidavit of its loss
and stating in such affidavit where he paid such
poll tax or received such certificate of exemption;
and the collector shall thereupon add his name to
the list of qualified voters of the precinct of
his new residence; and, unless such voter has done
this and his name appears in the certified list
of voters of the precinct of his new residence,
he shall not vote."

The identical question which you ask has, on
several occasions, been before this Department. In an able
opinion written by acting Attorney General Bruce W. Bryant
on July 11, 1932, addressed to Mr. Ellis Scogin, which
opinion appears at page 518 of Volume 336 of the Attorney

General's Letter Opinions, it was held that a voter who moved from one county to another within less than six months of the election might vote for all State offices and likewise all District offices whose districts included both counties. We are enclosing, herewith, for your information, a copy of this opinion. This same ruling was followed in the subsequent opinions hereinafter referred to.

Opinion by Assistant Attorney General Joe J. Alsup, addressed to Mr. E. C. Clabaugh, Jr., on July 1, 1936, appearing on page 500, Vol. 372, Attorney General's Letter Opinions.

Opinion by Assistant Attorney General J. H. Broadhurst to Mr. William Ebbin on December 13, 1937, appearing at page 353 of Vol. 379 of the Attorney General's Letter Opinions.

Opinion by Assistant Attorney General R. E. Gray to Mr. W. S. Daniels, on August 6, 1938, appearing at page 617 of Vol. 382, Attorney General's Letter Opinions.

Article 2967, R.C.S., 1925, referred to above, is based upon Article VI, Section 2 of the Constitution of Texas, which reads in part:

"Every person subject to none of the foregoing disqualifications, who shall have attained the age of twenty-one years and who shall be a citizen of the United States and who shall have resided in this State one year next preceding an election and the last six months within the district or county in which such person offers to vote, shall be deemed a qualified elector; . . . ."

In construing this constitutional provision the Supreme Court of Texas, speaking through Associate Justice Gaines in LITTLE V. STATE, 75 Tex. 616 at page 623, said:

". . . When construed as meaning that a residence for six months in the district

should qualify an elector to vote for district officers, we have no difficulty in determining what district is meant; but if we should say that such residence gives a right to vote for county officers, we should be at a loss to know whether it is the congressional, judicial, senatorial, or legislative district in which the voter was to reside in order to acquire the qualification. If such had been the intention, the kind of district would have been named, or there would have been some language in the provision indicating some rule by which the question could be determined. Besides, the construction claimed by appellant would have rendered the words 'or county' superfluous, because every county in the State is, and will in all probability continue to be, a part of some district. Since the district includes the county, it was unnecessary to have used the word county if it had been intended that a residence in the district should give the qualification to vote for county officers."

It is our opinion, therefore, that the man referred to in your letter should be permitted to vote for all State offices and those District offices, whose districts embrace both the county of his prior and present residence.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    Walter R. Koch
Assistant

WRK:ob:bt
Encl.
APPROVED Aug. 31, 1940

Grover Sellers
First Assistant Attorney General

Approved Opinion Committee by BWB,
Chairman